**In the Matter of Steven B. GELLER.**

**No. 49S00–0008–DI–460.**

Supreme Court of Indiana.

Nov. 4, 2002.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** The Commission charged the respondent with six counts of misconduct. We find, as did the hearing officer, that the respondent is guilty of misconduct in four counts. First, we find that respondent charged a fee in a worker's compensation case in excess of that set by statute; included in his disbursement statement, for a client who was not independently represented, language purporting to release the respondent from liability for malpractice; failed to hold money owed to the client and the client's health care provider separate from his own; failed to pay the client's health care provider from the settlement funds for many months; converted client and third party funds, and misrepresented to the client both that he had paid, and the amount paid to, a health care provider.

In a separate case, we find that the respondent failed, for one year, to pay an insurer's subrogation claim out of proceeds recovered from a tortfeasor.

In another instance, the respondent sought to limit his professional liability through language in his disbursement statement and failed to maintain sufficient funds in his trust account to pay an insurer's subrogation lien and delayed paying the lien for several years.

In retaliation for a client's threat to file a disciplinary grievance, the respondent threatened to reveal the former client's conviction for child molesting to the client's fellow inmates in prison.

**Violations:** By the conduct set forth above, the respondent violated: Ind. Professional Conduct Rule 1.5(a), which mandates that an attorney's fee be reasonable; Prof.Cond.R. 1.8(h), which prohibits an attorney from making an agreement prospectively limiting the attorney's liability to a client for malpractice unless permitted by law and the client is independently represented; Prof.Cond.R. 1.9(b), which prohibits an attorney from using information relating to the representation to the disadvantage of the former client; Prof. Cond.R. 1.15(a), which requires attorneys to hold property of clients or third persons in the attorney's possession separate from the attorney's own property; Prof.Cond.R. 1.15(b), which commands that upon receiving funds or other property in which the client or a third person has an interest, promptly to notify the client or third person; Prof.Cond.R. 8.4(b), which provides that it is misconduct for an attorney to commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness, or fitness as a lawyer in other respects; and Prof.Cond.R. 8.4(c), which prohibits engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than twelve (12) months, effective December 10, 2002, at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law under Ind. Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney, to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Raymond S. Robak, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.